J-A26014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY GARDNER | : | |
| | : | |
| Appellant | : | No. 932 EDA 2023 |

Appeal from the PCRA Order Entered February 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0403831-1990

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 1, 2024**

Appellant, Anthony Gardner, appeals *pro se* from the order entered February 8, 2023, in the Philadelphia County Court of Common Pleas dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Because Appellant's petition failed to satisfy an exception to the PCRA's time-bar, we affirm the PCRA court's dismissal.

**A.**

We glean the following procedural history from the PCRA court opinion and the certified record. On March 22, 1991, a jury convicted Appellant of Third-Degree Murder and Possessing Instruments of Crime ("PIC").[1] The

---

[1] 18 Pa.C.S. §§ 2502(c) and 907, respectively.

court sentenced Appellant to an aggregate term of life imprisonment.[2]   This Court affirmed Appellant's judgment of sentence, and on May 3, 1993, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.  **Commonwealth v. Gardner**, 1366 PHL 1992 (Pa. Super. filed Nov. 16, 1992), *appeal denied*, 625 A.2d 1191 (Pa. 1993).  Appellant's judgment of sentence became final 90 days later, on August 2, 1993, when the time to file a petition for a writ of *certiorari* to the United States Supreme Court had expired.[3]

Appellant filed his first PCRA petition on January 9, 1997.  The court appointed counsel, who subsequently filed a **Turner/ Finley** no-merit letter.[4] The PCRA court dismissed the petition on October 20, 1997, and Appellant did not appeal.  Appellant subsequently filed two unsuccessful PCRA petitions.[5]

On July 30, 2020, Appellant filed his fourth PCRA Petition *pro se*, the dismissal of which is now before us, asserting that he possessed newly-discovered facts that three of the detectives involved in his case, Francis Miller, Frank Jastrzembski, and Manuel Santiago, committed misconduct by

---

[2] Appellant had a prior homicide conviction, so the court imposed a mandatory life sentence for his Third-Degree Murder conviction pursuant to 42 Pa.C.S. § 9715(a).

[3] **See** Sup. Ct. R. 13 (allowing 90 days to file Petition for *Writ of Certiorari*).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Appellant also filed an unsuccessful petition for writ of *habeas corpus* in 2014.

vouching for untruthful witnesses, destroying evidence, and engaging in a conspiracy. PCRA Petition, 7/30/2020, at 4, 6-7. Appellant subsequently filed two *pro se* amended petitions alleging misconduct by the same detectives.[6]

On January 6, 2023, the PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907, concluding that it lacked jurisdiction because Appellant's petition was patently untimely and Appellant failed to plead and prove the applicability of any of the PCRA's timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1)(i-iii). Appellant filed a response to the Court's Rule 907 notice on January 27, 2023, which again failed to plead and prove an exception to the PCRA's time bar. On February 8, 2023, the PCRA court entered an order dismissing the petition.

Appellant timely appealed. The PCRA court did not request a Pa.R.A.P. 1925(b) statement.

**B.**

Appellant raises the following issue for our review:

> Is the warrant of proble [*sic*] cause by the affiant's defective showing, where he was an active participant in the poisonous tree, of corrupted cops and case manager?

Appellant's Br. at 5 (capitalization omitted).

**C.**

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise

---

[6] Appellant filed his first amended petition on August 5, 2021. He filed his second amended petition on January 26, 2023, after the court issued its Rule 907 notice.

free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). However, before we review the issues raised on appeal, we must determine whether Appellant's petition satisfies our courts' jurisdictional requirements.

It is well-established that the timeliness of a PCRA petition is jurisdictional; if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005). To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's jurisdictional time bar "is constitutionally valid." **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant's petition, filed 27 years after his judgment of sentence became final, is facially untimely. Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2).

In his PCRA petitions, Appellant attempted to invoke the newly-discovered facts exception provided in Section 9545(b)(1)(ii). The newly-

discovered facts exception requires a petitioner to plead and prove two elements: "1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (quoting 42 Pa.C.S. § 9545(b)(1)(ii)) (emphasis and internal quotation marks omitted). Due diligence requires that a petitioner makes reasonable efforts to uncover facts that may support a claim for relief. ***Commonwealth v. Brensinger***, 218 A.3d 440, 449 (Pa. Super. 2019) (*en banc*).

Relevant here, this Court has interpreted Section 9545(b)(1)(ii) as mandating that there be some relationship between the newly-discovered facts and the claims asserted by the petitioner. ***Commonwealth v. Robinson***, 185 A.3d 1055, 1061-62 (Pa. Super. 2018) (*en banc*).

Finally, judicial decisions do not constitute "facts" to support the newly-discovered facts exception to the PCRA's time bar. ***Commonwealth v. Reid***, 235 A.3d 1124, 1138 (Pa. 2020).

Here, the PCRA court determined that the unrelated complaint alleging police misconduct and the unrelated court decision did not meet the newly-discovered facts exception because the complaint only contained allegations, and judicial decisions do not constitute "facts." ***Id.*** at 1-2 (citing ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013) (abrogated on other grounds)). It further found that the complaint and decision did not "substantiate[] the alleged 'fact' that detectives committed misconduct in

- 5 -

[Appellant's] case." *Id.* at 1. Based on the above authority, we agree that Appellant's petition fails to satisfy the newly-discovered facts exception.

In his brief and reply brief, Appellant has not addressed the PCRA court's finding that he failed to meet the PCRA's timeliness requirements. Instead, he presents a nearly incomprehensible argument that re-hashes complaints about his trial and corruption in the Philadelphia Police Department and District Attorney's Office. *See* Appellant's Br. at 9-14. Because he has failed to inform this Court how the PCRA court erred in finding that his petition was not timely, any arguments he raises in his brief are waived. *See Butler v. Illes*, 747 A.2d 943, 945 (Pa. Super. 2000) (finding waiver where the appellant "failed to cogently explain or even tenuously assert why the trial court . . .made an error of law.").

## D.

In sum, Appellant's PCRA petition is patently untimely, and he has failed to satisfy the timeliness exception provided in 42 Pa.C.S. § 9545(b)(1)(ii). Accordingly, neither this Court nor the PCRA court has jurisdiction to address the claims raised in his petition. We, thus, affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/1/2024</u>